UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL LATHIGEE,

        Plaintiff,

v.

WYNN OPERATOR, LLC, et al.,

        Defendants.

2:11-CV-1243 JCM (PAL)

**ORDER**

Presently before the court is defendant Michael Saltman's motion for summary judgment. (Doc. #11). Plaintiff Michael Lathigee has filed an opposition (doc. #20), to which Mr. Saltman has replied (doc. #26).

**Background**

The instant dispute centers around rights in the trademark "Discreet Gentleman's Club," and the mark's corresponding trade dress. Compl. ¶ 9. Mr. Saltman entered into a lease agreement with SC Entertainment #2 LLC, granting Mr. Saltman a leasehold to utilize the real property located at 4636 Wynn Road, Las Vegas, Nevada 89103 as a gentlemen's club under the name "Discreet Gentlemen's Club." Def.'s Mot Summ. J., Ex. 1 at ¶ 4 ("Saltman Decl."), Attachment D. Mr. Saltman held an adult entertainment cabaret license, a tobacco license, and a liquor license from Clark County, Nevada. Saltman Decl. at ¶ 2-3. These licenses specifically reference the business name "Discreet Gentleman's Club." *Id.*

**James C. Mahan**
**U.S. District Judge**

1　　　　The leasehold agreement included a "Management Agreement" whereby Mr. Saltman
2　employed Casino Cash Advantage, LLC ("Casino Cash")[1] as the operations manager of the club.
3　*Id.* at ¶ 4, Attachment D, Ex. F § 1. Mr. Lathigee claims to have acquired all rights to the subject
4　trademark, "Discreet Gentleman's Club," and trade dress pursuant to Casino Cash's default of a loan
5　agreement between Mr. Lathigee and Casino Cash. Compl. ¶ 9.

6　　　　Mr. Saltman contends that Casino Cash was merely an employee, and as such, had no
7　ownership interest in the trademark. According to Mr. Saltman, because Casino Cash did not own
8　the mark, it could not have transferred to Mr. Lathigee any ownership interest. Def.'s Mot. Summ.
9　J. 9:6-9.

10　　　　Mr. Lathigee responds that Casino Cash was not an employee of Mr. Saltman, but a licensee-
11　conditional assignee. Mr. Lathigee represents that as a conditional assignee Casino Cash "acquired
12　rights in the trademark it developed, used, and expected to use indefinitely in the future." Pl.'s Opp.
13　6:17-18. Mr. Lathigee claims ownership of any rights Casino Cash had pursuant to the breached
14　loan agreement between himself and Casino Cash. Conversely, Mr. Lathigee requests that this court
15　deny summary judgment pursuant to Federal Rule of Civil Procedure 56(d) to enable Mr. Lathigee
16　to conduct additional discovery which he believes will illustrate that Casino Cash was not an
17　employee.

18　　　　The relationship between Mr. Saltman and Casino Cash is dispositive of what, if any, rights
19　inured to Mr. Lathigee. If Casino Cash had no rights to the trademark, then no rights could have
20　transferred from it to Mr. Lathigee. Conversely, if Casino Cash had a valid license or ownership
21　right in the mark, then such rights likely transferred to Mr. Lathigee pursuant to the breached loan
22　agreement.

23　. . .
24　. . .
25

---

[1] The court notes an ambiguity regarding the true name of Casino Cash. The complaint refers to the entity as Casino Cash Advantage LLC, whereas the authenticated contracts submitted in support of the motion refer to it as Casino Cash Advance LLC.

**James C. Mahan**
**U.S. District Judge**

- 2 -

**Discussion**

1. Standard of Review

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56©. The party seeking summary judgment bears the initial responsibility of informing the court of the basis for the motion, but need not negate the opposing party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The party opposing summary judgment must set forth facts demonstrating the existence of a genuine issue for the court or have summary judgment entered against it. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A party opposing summary cannot simply rest upon allegations in the pleadings; rather, it must affirmatively set forth facts demonstrating the existence of a material issue of fact. *Garvey v. Clark Co.*, 91 Nev. 127, 130 (1978).

Trademark ownership is an issue appropriate for summary judgment. *A&L Labs, Inc. v. Bout-Matic LLC*, 429 F.3d 775, 781 (9th Cir. 2005); *Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*, 772 F. Supp. 2d 1155, 1171 (C.D. Cal. 2009).

2. Analysis

To prevail on his claims of trademark infringement, Mr. Lathigee must establish that he is the owner of the mark in question. *See Network Automation, Inc. v. Adv. Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (explaining that to prevail a plaintiff must prove that "it has a protectable ownership interest in the mark"). The ultimate question at issue in this dispute is whether Casino Cash acquired any right or title to the mark from Mr. Saltman.

The lease agreement between Mr. Saltman and SC Entertainment contained, as Exhibit H, a conditional assignment from Mr. Saltman to Casino Cash. That assignment creates certain conditions precedent to Casino Cash becoming a full assignee. As stated in the agreement:

. . .

. . .

Michael A. Saltman, ("Tenant") hereby grants an assignment to Casino Cash Advance LLC ("Conditional Assignee") to the leasehold interest and terms and obligations contained in the Lease Agreement by and between SC Entertainment #2 LLC ("Landlord") and Michael A. Saltman ("Tenant") dated May 6, 2010 *on the date that Casino Cash Advance LLC receives all licenses required by Clark County necessary for operation of the premises as a Gentlemen's Club.*

Saltman Decl., Attachment D, pg. 32 (emphasis added).

As explained previously, Mr. Lathigee must set forth facts demonstrating the existence of a genuine issue of material fact. *See Matsushita*, 475 U.S. at 587. Here, Mr. Lathigee, at most, has established only that Casino Cash is a conditional-licensee assignee.

Mr. Lathigee has provided no evidence indicating that the conditions required by the assignment, namely that Casino Cash obtain the necessary licenses from Clark County, were satisfied. On the record before the court, Casino Cash never attained any right to the leasehold, or trademarks, associated with the business.[2]

Casino Cash could not have transferred to Mr. Lathigee that which it did not own. *See A&L Labs*, 429 F.3d at 780 ("Trademark ownership may be assigned, but the assignor may transfer *only what it owns*.") (emphasis added). Here, Casino Cash, had not attained rights to Mr. Saltman's lease or mark, because there is no evidence that Casino Cash ever obtained the necessary licenses required by Clark County. As such, there was nothing for Casino Cash to assign to Mr. Lathigee.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Saltman's motion for summary judgment (doc. #11) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

. . .

. . .

---

[2] This court assumes, without deciding, that if Casino Cash attained the lease of the business, it would have also obtained rights to the trademark and trade dress of the business.

James C. Mahan
U.S. District Judge

- 4 -

IT IS FURTHER ORDERED that Mr. Saltman prepare an appropriate order of judgment for the court's review.

DATED December 13, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -